N THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01118-BNB

SIMON LUCERO,

    Applicant,

v.

RON WILEY, Warden, Federal Prison Camp – Florence,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 2 2 2009

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Applicant, Simon Lucero, is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Prison Camp in Florence, Colorado. Mr. Lucero initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In an order filed on May 21, 2009, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intends to raise that affirmative defense in this action. On June 8, 2009, Respondent filed a preliminary response to the habeas corpus application. Mr. Lucero has not filed a reply to the preliminary response, although he was given the opportunity to do so.

The Court must construe Mr. Lucero's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated

below, the habeas corpus application will be denied and the action dismissed.

Mr. Lucero currently is serving a five-year sentence for distribution of methamphetamine in violation of 21 U.S.C. § 841(A)(1). He has a projected release date of November 8, 2012, via good-conduct-time release.

Mr. Lucero asserts two claims. He first claims that prison officials at the Florence prison camp categorically are denying the review and transfer of eligible inmates to community corrections centers (CCCs) in violation of 18 U.S.C. § 3621(b). According to Mr. Lucero, inmates with more than twelve months of their sentences remaining to be served may be placed in a CCC. Mr. Lucero alleges that he has sought and been denied consideration for a transfer to a CCC.

Mr. Lucero also claims that prison officials at the Florence prison camp categorically are denying eligible pre-release inmates more than six months in a residential re-entry center (RRC) in violation of 18 U.S.C. § 3624(c) and 28 C.F.R. §§ 570.20 and 570.21. Mr. Lucero describes a pre-release inmate as an inmate with twelve months or less of his or her sentence remaining to be served. Mr. Lucero contends that federal law allows pre-release placements in an RRC for up to twelve months. He specifically identifies himself as a pre-release inmate and he states that he wants to spend the maximum amount of pre-release time in an RRC.

Respondent argues that this action should be dismissed for failure to exhaust administrative remedies. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. **See Williams v. O'Brien**, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. **See Woodford**

2

***v. Ngo***, 548 U.S. 81, 90 (2006).

The BOP administrative remedy procedure is available to Mr. Lucero. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. §§ 542.13 - 542.15.

Mr. Lucero concedes in the application that he has not exhausted administrative remedies. He argues that exhaustion of administrative remedies would be futile because the BOP, through official policies and procedures, has predetermined the issues to be raised in the administrative proceedings. Mr. Lucero is correct that the exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). "However, the futility exception is quite narrow." *Holman v. Booker*, No. 98-3124, 1998 WL 864018, at 3 (10th Cir. Dec. 14, 1998) (unpublished). In the instant action, Mr. Lucero fails to convince the Court that exhaustion of administrative remedies would be futile based on his argument that the BOP has predetermined the issues he is raising.

Mr. Lucero apparently argues that exhaustion would be futile because the BOP is following regulations that previously were invalidated by a decision of the United States Court of Appeals for the Tenth Circuit. *See Wedelstedt v. Wiley*, 477 F.3d 1160 (10th Cir. 2007). However, Respondent points out in his response that the BOP

3

adopted new regulations following *Wedelstedt*. Therefore, to the extent the futility argument is premised on the Tenth Circuit's decision in *Wedelstedt*, that argument lacks merit because the BOP has adopted new regulations.

Mr. Lucero also refers to two BOP memoranda that are attached to Respondent's preliminary response as exhibit A-2 in support of his futility argument. Both memoranda are addressed to chief executive officers and are signed by two BOP officials, the assistant director of the Correctional Programs Division and the assistant director/general counsel. Mr. Lucero apparently believes that both memoranda support his contention that the BOP has predetermined the issues he is raising.

The first memorandum, dated November 14, 2008, relates to inmate requests for transfer to CCCs, which, according to a footnote in the November 14 memorandum, are synonymous with RRCs. The November 14 "memorandum provides guidance to [BOP] staff for considering and responding to inmate requests for transfer to Residential Reentry Centers (RRCs), when more than 12-months remain from their projected release date" and states that "[i]nmates are legally eligible to be placed in an RRC at any time during their prison sentence." (Preliminary Resp., ex. A-2 at 2.) The November 14 memorandum further states that "inmate requests for RRC placements must receive individualized consideration." (*Id.* at 2-3.)

The second memorandum in Respondent's exhibit A-2, dated April 14, 2008, relates to pre-release RRC placements following the Second Chance Act of 2007. The April 14 memorandum recognizes that the maximum pre-release RRC placement is twelve months. While the April 14 memorandum also states that "Bureau experience

reflects inmates' prerelease RRC needs can usually be accommodated by a placement of six months or less" (*id.* at 8), nothing in the April 14 memorandum restricts pre-release RRC placements to a maximum of six months.

Contrary to Mr. Lucero's belief, these two memoranda do not preclude the relief he seeks from the BOP. In fact, these two memoranda actually support Mr. Lucero's arguments that inmates are eligible to be transferred to a CCC at any time and that the maximum length of a pre-release placement in an RRC is twelve months. Mr. Lucero does not identify any official BOP policies that contradict these two memoranda. Therefore, his argument that it would be futile to exhaust administrative remedies with respect to the claims he is asserting in this action lacks merit. Mr. Lucero may be correct that prison officials at the Florence prison camp in which he is incarcerated categorically are denying CCC placements for inmates with more than twelve months remaining on their sentences and categorically are denying pre-release RRC placements longer than six months. However, this argument does not support a conclusion that exhaustion of administrative remedies would be futile because the BOP administrative remedy procedure provides for two levels of appeal beyond any decision made at the institution level.

For all of these reasons, the Court finds that Mr. Lucero fails to demonstrate that exhaustion of administrative remedies would be futile or should be excused for some other reason. The instant action will be dismissed without prejudice for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies. It is

5

FURTHER ORDERED that the motion titled "Motion to Certify the Class and for the Appointment of Counsel" that Applicant, Simon Lucero, filed with the Court on May 20, 2009, is denied as moot.

DATED at Denver, Colorado, this 22 day of July, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01118-BNB

Simon Lucero
Reg No. 15414-081
Federal Prison Camp
P.O. Box 5000
Florence, CO 81226

Juan G. Villasenor
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/22/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk